## FOWLER & WOLFE MFG. CO. v. RICHMOND RADIATOR CO.

(Circuit Court of Appeals, Second Circuit. April 21, 1916.)

### No. 102.

PATENTS ⬯328—ANTICIPATION—RADIATOR.

The Fowler & Wolfe patent, No. 609,800, for a radiator, *held* void for anticipation.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Fowler & Wolfe Manufacturing Company against the Richmond Radiator Company. Decree for complainant, and defendant appeals. Reversed.

D. W. Brown, of New York City, for appellant.

R. M. Barr, of Philadelphia, Pa., for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. We have held that claims 1 and 2 of the Fowler & Wolfe patent, No. 609,800, for radiators read in connection with the specification, while of narrow scope, are valid. Fowler & Wolfe v. McCrum-Howell Co., 215 Fed. 905, 132 C. C. A. 143, to which reference may be made for a fuller statement of the facts. The radiator of that patent is a cast-iron section or unit containing four outside large hollow tubes and two or more similar cross tubes, the latter being connected by smaller connecting tubes. It is primarily a

wall radiator and being the first of such in the art was a great success. These sections may be united to make radiators of any size desired. A particular advantage mentioned in the specifications is that increased radiating surface may be had without taking up floor space. The feature we held to be patentable was that the cross tubes, being larger and longer than the connecting tubes, a better circulation of hot air or water whichever was used, was secured. Of course the heating principle is the same in a floor as in a wall radiator. Several earlier patents for floor radiators, notably Wood, No. 176,915, and Safford, No. 355,-216, were relied upon by the defendant in the former case. We held them to be no defense, because they did not show the relative difference in size between the cross and the connecting tubes above pointed out.

In this case, however, there are produced two floor radiators manufactured some years before the Fowler & Wolfe patent was applied for, the Jarecki and the International, which are made up of unitary sections of four large outside tubes, two large cross tubes with two smaller connecting tubes. This is the construction of the Fowler & Wolfe patent. The fact that there are fewer connecting tubes than those appearing in the drawings of that patent and that they are shorter is immaterial, because it calls for a series without prescribing any particular number or any particular length of the connecting tubes. Moreover, it makes no difference whether the cross tubes are of a perpendicular or horizontal position. We think that a radiator made after the Fowler & Wolfe patent, though with but from two to five connecting tubes and shorter than the series of six appearing in the drawings of the patent, would unquestionably infringe, and conversely, if in use before the patent was applied for, would anticipate it. The principle of construction and the function is the same, and accomplished in the same way; the difference being only one of degree.

In view of the prior uses now established, the decree of the District Court is reversed.